(87 South. 250)

No. 23244.

## THOMPSON v. THOMPSON.

(Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Marriage** ☞58(8)—**Petition held not to show ground for annulling a marriage followed by cohabitation.**

A petition by husband to dissolve the marriage on ground that his consent was procured by threat of criminal prosecution and bodily harm *held* to state no cause of action. where it alleged cohabitation though alleging he lived with wife only three days, it being also alleged that husband consented to the marriage to avoid prosecution and bodily harm, as there was nothing to show necessity of cohabitation.

2. **Marriage** ☞58(8)—**Duress avoided by voluntary cohabitation.**

A marriage cannot be annulled for want of free consent of one of the parties if they have cohabited as husband and wife freely and without constraint. Rev. Civ. Code, art. 111.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Action by Ernest Lee Thompson against Jewell Griffin Thompson. From judgment dismissing suit, plaintiff appeals. Affirmed.

Dawkins & Dawkins, of Monroe, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment dismissing his suit on an exception of no cause of action.

[1] The action is to annul the marriage between plaintiff and defendant, on the ground that his consent was not given freely but through fear induced by threats of criminal prosecution and of bodily harm. The petition would disclose a cause of action, were it not for the allegation that plaintiff cohabited with defendant as his wife after the marriage. He alleges that he lived with her only three days, and that his reason for staying with her that long was that he feared criminal prosecution and bodily harm. But the only allegation of threats of prosecution or of bodily harm is that defendant's father had instituted a criminal prosecution, before the marriage, and had threatened that, if the prosecution failed, he would take the matter in hand and do bodily harm to plaintiff. It is also alleged that plaintiff consented to the marriage in order to save himself from the prosecution and threatened bodily harm. Therefore, as far as the allegations of the petition go, all that plaintiff had to do to avoid the threatened danger was to marry defendant. For it is not alleged that any one demanded that he should consummate the marriage, or that any one threatened to harm him if he refused or neglected to cohabit with defendant. In fact, he was not harmed for quitting the matrimonial domicile only three days after the wedding.

[2] Plaintiff's petition does not disclose a cause of action. A marriage cannot be annulled for want of the free consent of one of the parties, if they have cohabited as husband and wife freely and without constraint. Rev. Civ. Code, art. 111; Boutterie v. Demarest, 126 La. 278, 52 South. 492, 27 L. R. A. (N. S.) 805.

The judgment is affirmed at appellant's cost.

DAWKINS, J., recused.