ST. PAUL, J.
 

 This is a suit to annul and set aside on the ground of fraud, a sale of real estate by plaintiff to defendant. The sale attacked was by public act before a notary and two witnesses, and was duly signed by both parties-
 

 The parties are a mother and her son, her only child. The mother complains, and testifies, that she was induced by her son, upoft some pretext or other, to go to the notary’s
 
 *307
 
 office; that she did so, in company with a woman friend; that when she came there she was handed a paper already prepared, the contents of which she did not know and was not informed of; that she and her friend were-told to sign the paper, and did so; that thereafter she discovered that she had signed an act purporting to be a sale of her property to her son, which her friend had signed as a witness. Her friend testifies to the same effect.
 

 The notary is dead; but the other witness to -the act, who knew plaintiff well and had never seen her son before the day of the sale, testifies that plaintiff came to the notary’s office accompanied only by her friend, and told the notary what she wished to do; that the notary then drew up the act; that the son, who was then at work elsewhere, was sent for; that the notary then read the act to the parties and witnesses, who then signed it. The defendant and his wife testify to the same effect.
 

 The recited consideration for the sale was $1,000 cash,
 
 plus
 
 the assumption of a homestead mortgage for a like amount,
 
 plus
 
 the right reserved to vendor to occupy the premises rent free during her natural life,
 
 plus
 
 the undertaking by defendant to provide for his mother during the rest of her natural life!
 

 The evidence shows that, immediately after the act was signed, plaintiff notified the tenants who occupied the other half of the house (a double one, and she herself lived on one side) that she had turned over the house to her son and that they should thereafter pay their rent to him; that they did so up to the filing of this suit three years afterwards, and ever since; that from the time of the sale plaintiff , ceased paying the homestead installments and the taxes and other charges, leaving them all for her son to take care of.
 

 Which facts, undisputed, fully corroborate the defendant’s witnesses and prove conclusively that plaintiff knew quite well the nature and contents of the deed she signed. And since she attacks the act only on the ground that she knew nothing of its contents, we see no reason to pursue the matter further. The trial judge correctly dismissed her suit.
 

 Decree.
 

 - For the reasons assigned, the judgment appealed from is affirmed.