318 So.2d 106 (1975)
Joseph H. TAYLOR, Jr., Plaintiff-Appellant,
v.
Mary Rose CASTILLE et al., Defendants-Appellees.
No. 5089.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
Rehearing Denied October 1, 1975.
Writ Refused October 31, 1975.
*107 Broussard, Broussard & Moresi, Ltd. by Marcus A. Broussard, Jr., Abbeville, for plaintiff-appellant.
Darrell J. Hartman, Kaplan, Thompson & Sellers by Roger C. Sellers, Abbeville, for defendants-appellees.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This is an action en desaveu, brought by plaintiff, Joseph H. Taylor, Jr. Defendants are his wife, Mary Rose Castille, and the child, Nicole Taylor. The latter is represented in these proceedings by an attorney at law appointed to represent her.
The trial court sustained an exception of no right or cause of action to plaintiff's petition, and plaintiff has appealed.
Plaintiff's petition alleges that he was married to Mary Rose Castille in Abbeville on October 28, 1972, and, at that time, she was with child by another man. Plaintiff also alleges that Mary Rose Castille and others told him that unless he married her they would file criminal charges of "carnal knowledge" against him and that in fact they did file criminal charges with the District Attorney against him. Plaintiff further alleges that he was frightened and that he married Mary Rose Castille under the pressure of the criminal charges. Plaintiff significantly alleges that the parties lived together 15 days and then separated. Mary Rose Castille gave birth to a child on December 10, 1972, that child being the defendant Nicole Taylor, and plaintiff alleges that the child is not his.
Plaintiff's prayer is that an attorney be appointed to represent Nicole Taylor and that, after due proceedings, there be judgment decreeing that the child is not plaintiff's.
To plaintiff's petition, Mary Rose Castille and Nicole Taylor filed an exception styled "Exception of No Right or Cause of Action". It stated that plaintiff's petition disclosed that he was acquainted with the circumstances of the pregnancy of Mary Rose Castille before their marriage and that, under LSA-C.C. art. 190, plaintiff cannot contest the legitimacy of a child born previous to the 180th day of marriage.
After hearing, the trial court sustained the exception of no right or cause of action and ordered that plaintiff's demands be dismissed.[1]
The issue, simply stated, is whether plaintiff's petition discloses a cause of action. We are dealing with cause of action and not right of action.[2]
*108 The Louisiana Civil Code contains several articles which are pertinent to the issue. These are as follows:
LSA-C.C. Article 190:
"Art. 190. Husband's loss of right to disavow
Art. 190. The husband can not contest the legitimacy of the child born previous to the one hundred and eightieth day of marriage, in the following cases:
1. If he was acquainted with the circumstances of his wife being pregnant previously to the marriage.
2. If he was present at the registering of the birth or baptism of the child and signed the same, or if not knowing how to sign, he put his ordinary mark to it, in presence of two witnesses."
LSA-C.C. Article 110:
"Art. 110. Forced consent; mistake in person
Art. 110. Marriages celebrated without the free consent of the married persons, or of one of them, can only be annulled upon application of both the parties, or of that one of them whose consent was not free.
When there has been a mistake in the person, the party laboring under the mistake can alone impeach the marriage."
LSA-C.C. Article 111:
"Art. 111. Cohabitation after recovery of freedom or discovery of mistake
Art. 111. In the cases embraced by the preceding article, the application to obtain a sentence annulling the marriage, is inadmissible, if the married persons have, freely and without constraint, cohabited together after recovering their liberty or discovering the mistake."
These articles have been the subject of interpretation by the jurisprudence. The cases of Brugman v. Prejean, 288 So.2d 702 (La.App. 3 Cir. 1974), and Smith v. Smith, 300 So.2d 205 (La.App. 3 Cir. 1974), both recognize the viability of Article 190.
The case of Walker v. Jarnevich, 102 So.2d 770 (La.App. 2 Cir. 1958), recognizes the general rule of Article 190 that where a man is familiar with the fact that a woman is pregnant at the time of their marriage, and a child is born previous to the 180th day of the marriage, (60 days after marriage in Walker) the husband is forever barred from contesting his paternity of the child.
The somewhat earlier case of Wheeler v. Turlich, 176 La. 301, 145 So. 546 (1933), was an action to annul a marriage. While the case did not specifically include the issue of paternity of the child, the Supreme Court said (as dicta) that the presumption of paternity established by Article 190 results only from proof of a "valid and existing marriage." 145 So. 547. The actual holding was that the presumption of paternity cannot be relied upon to serve as proof of the marriage itself.
In Succession of Barth, 178 La. 847, 152 So. 543 (1934), where plaintiff was suing to be recognized as son and forced heir, it was held error to exclude evidence tending to prove that plaintiff was born more than 180 days after the husband's marriage to plaintiff's mother, notwithstanding an annulment five years after the marriage on the ground that the husband's consent had been obtained by force. The court said a marriage celebrated according to law is valid, even if one party's consent was forced, until annulled through suit by that party.
Applying the codal articles and Walker, Wheeler and Barth to the instant case, we note first that plaintiff's petition does not allege that his marriage to the child's mother has been declared null and he does not demand such a determination in this lawsuit. To state a cause of action under the codal articles and jurisprudence *109 cited, it would be necessary for plaintiff to: (1) show that the marriage has been annulled; or (2) seek a judgment annulling the marriage in this suit. The only reference to a proceeding for annulment is contained in the representation in the brief filed by counsel for plaintiff that a suit is presently pending between plaintiff and defendant Castille to annul the marriage. However, as noted above, plaintiff alleged in his petition that he was married to defendant Castille and that he lived with her some 15 days after the marriage. There is no allegation that he was under fear or duress during the 15 days subsequent to the marriage and the situation seems to fall squarely within the contemplation of Article 111 which prohibits annulment if the parties have cohabited freely even though the marriage was under duress.
Thus, while plaintiff contends that his marriage was a nullity and his counsel represents that another suit is pending to have the marriage annulled, we can review the trial court's ruling on the exception of no cause of action only on the record before us. The allegation of 15 days cohabitation brings the case squarely within the holding of Thompson v. Thompson, 148 La. 499, 87 So. 250 (1921), a case decided many years ago by the Louisiana Supreme Court and never overruled. The plaintiff in Thompson alleged that through fear induced by threats of criminal prosecution and bodily harm he was required to marry. He also alleged that he lived with his spouse only three days. The Supreme Court concluded that the allegations in the petition only reflected that plaintiff was required to marry to avoid the threatened danger and that he was not required to cohabit with the defendant. This is an identical situation to the case before us where plaintiff alleges that he cohabited with defendant Castille for a period of 15 days, although it is not alleged that he was required to do so by reason of threats. The only allegation here, as in Thompson, is that he was coerced into marrying by the threat of criminal prosecution.
In Thompson, speaking of plaintiff's claim to annul the marriage, the Supreme Court said:
"Plaintiff's petition does not disclose a cause of action. A marriage cannot be annulled for want of the free consent of one of the parties, if they have cohabited as husband and wife freely and without constraint." 87 So. 250.
See also Boutterie v. Demarest, 126 La. 278, 52 So. 492 (1910) where cohabitation for only one day and one night was held to ratify a marriage.
While we are not called on to decide plaintiff's claim for annulment of the marriage, we might under some circumstances remand for a determination of this question by the trial court. However, we cannot ignore the allegation of cohabitation. If one or three days' cohabitation, as in Thompson and Boutterie ratify a marriage, then 15 days living together leaves no doubt as to ratification. Thus, plaintiff's claims collide with the law's great reluctance to annul marriages and to bastardize children. He has no cause of action.
We conclude that the trial court was correct in deciding that plaintiff's petition in the instant case does not allege a cause of action. Plaintiff's petition does not allege that the marriage has been annulled and his allegations in the petition now before us contain admissions which would preclude him from obtaining a decree of annulment under the circumstances.
Therefore, the judgment of the trial court is affirmed. Costs are taxed against appellant.
Affirmed.
FRUGE, J., concurs in decree and assigns reasons.
DOMENGEAUX, J., dissents and assigns written reasons.
*110 FRUGE, Judge (concurring).
I concur in the result reached in the majority opinion. The plaintiff's petition expressly sets forth that he was acquainted with the circumstances of his wife being pregnant previous to the marriage. Under the circumstances, the exception of no cause of action based on Louisiana Civil Code Article 190 was properly sustained. It is unnecessary to discuss the validity vel non of the marriage. Therefore, I concur in the result.
DOMENGEAUX, Judge (dissenting).
I cannot agree with the majority's strict application of the exception of no cause of action under the factual circumstances of this case.
The plaintiff seeks to disavow a child born previous to the 180th day of his marriage. The defendant filed an exception, styled "no right or cause of action", on the basis that plaintiff was "acquainted with the circumstances of his wife being pregnant previously to the marriage" and therefore could not contest the legitimacy of the child via Louisiana Civil Code Art. 190.
As the majority points out in its opinion, this basis for the loss of the right to disavow presupposes proof of a "valid and existing marriage", Wheeler v. Turlich, 176 La. 301, 145 So. 546 (1933), and certainly one which is voluntary in nature.
Plaintiff herein contends that he was coerced into marrying the defendantwife under pressure of criminal charges, i.e. without free consent, (Civil Code Art. 110), and as a result the marriage was invalid and Civil Code Article 190 is inapplicable.[1]
This in my opinion, without anything further, clearly states a cause of action. If the petition states a cause of action as to any ground or portion of the demand the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971).
The majority, however, takes the case one step further, finds that plaintiff alleged he lived with his wife some 15 days after the marriage, without contending fear or duress during this period, and concludes that under Civil Code Article 111 and Thompson v. Thompson, 148 La. 499, 87 So. 250 (1921) the marriage cannot be annulled and therefore Article 90 is applicable. Thus, although the majority indicates it is not called upon to decide plaintiff's claim for annulment, the fact is that by its holding it has decided the question.
I strongly opine that such is not the factual situation for application of the exception of no cause of action. The action for disavowal and the question of the right to annulment of the marriage must be separated Insofar as determining whether the exception herein should be maintained.[2]
It is an established jurisprudential rule that in trying an exception of no cause of action, the allegations of the petition must be construed most favorably to the plaintiff's cause of action, with all doubts being resolved in favor of the sufficiency of the petition. Geiger v. State, Department of Institutions, 242 So.2d 606 (La.App. 1st Cir. 1970).
For these reasons I would reverse the district court judgment and overrule the exception of no cause of action.
Alternatively, assuming arguendo plaintiff has failed to state a cause of action, *111 nevertheless, this does not mean he does not have a cause of action. I feel that the instant suit presents a case where it is mandatory upon the trial judge to permit amendment (as sought by the plaintiff) of the insufficient allegations since grounds of the objections pleaded by the exception (and relied upon by the majority) are of such a nature that they can be easily removed by amendment. LSA C.C.P. Art. 934; Woodfork v. Sanders, 248 So.2d 419, writ denied, 259 La. 759, 252 So.2d 455; Garlington v. Kingsley, 277 So.2d 183, reversed on other grounds, 289 So.2d 88 (La.1974).
As a further alternative in my opinion, the present case requires remand in the interest of justice. LSA C.C.P. Art. 2164. Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir. 1966). Should plaintiff succeed in securing an annulment of his marriage in the suit alleged to be pending, the majority opinion herein precludes him from attempting to disavow a child who otherwise would have been presumed illegitimate, rather than legitimate.
For these reasons I respectfully dissent.
NOTES
[1] Although it is not relevant to the present appeal, the record also reflects a court order obtained by plaintiff for blood tests. The physician appointed reported to the court that the three parties to this proceeding all have the same type blood which does not exclude the possibility of plaintiff's paternity.
[2] The exception of no cause of action is to raise the question of whether any remedy is afforded by law; the exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Since the line of demarcation between the two is sometimes obscure, the general practice of attorneys is to plead them together; this is what our great teacher, Dean McMahon, spoke of as "a double-barrelled remedy". McMahon, Louisiana Practice, West Publishing Company, pg. 460.
[1] Plaintiff, in his brief to this court, indicates that suit is presently pending between he and his wife to annul the marriage.
[2] Of course, under the peculiar facts of this case the question of the validity of the marriage must be determined prior to deciding the issue of disavowal. Procedurally, I feel the action for disavowal should have been stayed pending outcome of the annulment action or the two proceedings consolidated.