435 So.2d 1158 (1983)
WEEDEN ENGINEERING CORPORATION and Frank G. Weeden, Plaintiffs-Appellees,
v.
Anthony HALE, et al., Defendants-Appellants.
No. 83-161.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1983.
Rehearings Denied August 31, 1983.
*1159 Gregory K. Klein and J. Minos Simon, Lafayette, for defendants-appellants.
Privat & Regan, Kenneth Privat, Crowley, for plaintiffs-appellees.
Before DOMENGEAUX, CUTRER and STOKER, JJ.
DOMENGEAUX, Judge.
This is an appeal by defendants Louis M. Corne with the law partnership of Simon, Corne, and Block, from a judgment rendered in favor of the plaintiffs, Weeden Engineering Corporation and Frank G. Weeden, in the sum of $4,000.00, plus interest and costs, pursuant to a suit to recover for services rendered by the plaintiffs on behalf of Mr. Corne and his client, Anthony Hale. The plaintiffs' answered the defendants' appeal, seeking an increase in the award granted by the district court from $4,000.00 to $5,368.40. Additionally, the plaintiffs seek an award of $2,000.00 in attorney's fees, pursuant to the provisions of La.R.S. 9:2781.
The record establishes the following facts: In June of 1980, Louis M. Corne, a partner in the law firm of Simon, Corne, and Block, was representing Anthony Hale in connection with Mr. Hale's claim for damages as a result of personal injuries he sustained in a work-related accident when an allegedly defective chain-hoist broke under strain and injured him. In the course of preparing for trial, Mr. Corne determined that it would be necessary to procure expert testimony with regard to the reason for the failure of the chain-hoist.
Thus, on June 26, 1980, Mr. Corne wrote to Mr. Frank Weeden of Weeden Engineering Corporation of Houston, Texas, informing Mr. Weeden that he represented Mr. Hale and was inquiring about the possibility of securing his services as an expert witness. Later, on July 25, 1980, Mr. Corne forwarded a check payable out of the Simon, Corne, and Block firm account in the amount of $1,000.00 to the plaintiffs, informing the company by letter that "I wish to employ your company to suggest tests that will be beneficial to prove the defective nature of the chain." (Emphasis added).
Following a number of correspondences between Mr. Corne and Mr. Weeden concerning the tests that were being conducted, the Weeden Engineering Corporation sent an invoice to the defendants on September 10, 1980, in the amount of $4,217.84 and requested payment. Thereafter, Mr. Weeden attended the trial of Anthony Hale in Lafayette, Louisiana, wherein the suit was settled. Following the trial, on September 17, 1980, the corporation once again forwarded an invoice to Mr. Corne requesting payment now in the amount of $5,368.40. On October 21, 1980, the corporation *1160 sent an itemized statement of the charges included in the two previous invoices to Mr. Corne. Once again, on December 26, 1980, Mr. Weeden wrote Mr. Corne requesting payment.
Finally, on January 8, 1981, Mr. Corne wrote a letter to the plaintiffs, advising them that since he had acted at all times as a disclosed agent on behalf of his client, Mr. Hale, that he was not liable for payment of the plaintiffs' fee. Thereafter, the plaintiffs filed suit against Mr. Corne, the law firm of Simon, Corne, and Block, and Mr. Hale.
It should be noted that at Anthony Hale's trial, Mr. Weeden was not allowed to testify as to the tests he had conducted. The court had previously disallowed any destructive testing to be conducted on the actual chain that had broken and caused Mr. Hale's injuries. Thus, Mr. Weeden was forced to conduct tests on another chain which ultimately turned out to be a different type of chain from that involved in the accident. Once it was proven at trial that the chain upon which all the tests were run was the wrong chain and had characteristics which were completely different from the original chain, Mr. Weeden's testimony was disallowed by the trial court.
The district judge determined in this case that Mr. Corne failed to meet his burden of proving that he had disclosed his status as an agent and had identified his principal. Thus, he held that the defendants could not avoid personal liability for the debt owed to the plaintiffs. The defendants challenged this holding on appeal, maintaining that at all times, the plaintiffs were aware that they had been employed by Mr. Corne as a disclosed agent of Anthony Hale.
Since both the plaintiffs and the defendants have lodged claims in this appeal, we will treat both sets of claims separately.

DEFENDANTS' CLAIM
The defendants maintain on appeal that the trial court erred in finding that Louis Corne did not disclose to Frank Weeden that he was acting as an agent of Anthony Hale at the time that he employed the plaintiffs. The defendants specifically cite the language used by Mr. Corne in his letter to Frank Weeden dated June 26, 1980, in which the first sentence stated: "I represent Mr. Anthony Hale who is involved in a work-related accident wherein a chain-hoist broke under strain and injured him." (Emphasis added). They maintain that this language is clearly indicative of a principal-agent relationship between Mr. Corne and his client, and that they cannot be held liable for the charges incurred, pursuant to the provisions of La.C.C. Arts. 3012 and 3013.[1]
However, we do not feel that it is necessary for us to determine whether or not a principal-agent relationship existed here. While generally speaking, an agent is not responsible to third persons where his principal is disclosed, the agent may make himself personally liable if he expressly or impliedly pledges his own responsibility. Castille v. Folck, 338 So.2d 328 (La.App. 3rd Cir.1976). We are of the opinion that even if Mr. Corne was a disclosed agent of Anthony Hale, that his actions in procuring Frank Weeden as an expert witness constituted an implied pledging of his own personal responsibility for the debts incurred for the plaintiffs' services.
Several factors lead us to this conclusion. In the first place, the record indicates that the $1,000.00 deposit forwarded to the plaintiffs by Mr. Corne was drawn out of the Simon, Corne, and Block firm account, rather than out of Anthony Hale's own account. Secondly, the letter dated July 25, 1980, from Mr. Corne to Mr. Weeden specifically stated in the third paragraph that "I *1161 (Mr. Corne) wish to employ your company (Weeden Engineering Corporation) ..." (Parentheses added). There is absolutely no indication in this letter that the defendants did not intend to be personally liable for the fees and expenses of the plaintiffs. In fact, the defendants never expressed any intention at the time that the plaintiffs' services were procured, that Anthony Hale should be held liable for the services rendered. There is no indication that Mr. Weeden was ever even provided with any way of contacting Mr. Hale for payment, other than by proceeding through Mr. Corne.
Under these circumstances, it is our conclusion that the plaintiffs had a right to look to Louis Corne, as the attorney for Anthony Hale, and the law firm of Simon, Corne, and Block, for payment of the debt owed. Whether or not Mr. Corne and the law firm have a claim against Mr. Hale for these charges is an issue which is not before us.

PLAINTIFFS' CLAIM
The plaintiffs seek an increase in the award of damages granted to them by the trial court from $4,000.00 to $5,368.40, representing the amount which was actually billed to the defendants for the plaintiffs' services. In this regard, the district judge determined that while the tests conducted by the plaintiffs turned out to be inadmissible in Anthony Hale's trial, that at least some of the work performed by them was in accordance with Mr. Corne's request. He thereby reduced the amount of damages recoverable by the plaintiffs to $4,000.00.
We find no abuse of discretion in this award of damages by the trial judge. Thus, we will not disturb it on appeal. Reck v. Stevens, 373 So.2d 498 (La.1979).
However, the plaintiffs additionally seek an award of attorney's fees pursuant to the provisions of La.R.S. 9:2781. That statute provides, in pertinent part:
"When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
Furthermore, pursuant to Act 463 of 1981, the statute was amended to include the following:
"For the purposes of this Section, an open account shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis."
The plaintiffs maintain that the trial court erred in refusing to grant them attorney's fees, arguing that the services they rendered to the defendants constituted "professional services" within the context of La.R.S. 9:2781 as amended. Thus, they maintain that they are entitled to recover attorney's fees in the sum of $2,000.00.
It is well-established in our jurisprudence that statutes are to be construed in such a manner as to effectuate their purpose. When a statute is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire statute is to be preferred over an interpretation that renders part of the statute ridiculous or nugatory. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980). In such circumstances, our Courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions to its language as would avoid its leading to absurd consequences. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La.1980).
When examining the 1981 amendment to La.R.S. 9:2781, cited in pertinent part, supra, it is arguable that the provision may be subject to two different interpretations. The phrase "... which are rendered on a continuing basis ..." conceivably could refer to debts incurred for "professional services" in general, or might merely refer to debts incurred for "legal and medical services." If the latter interpretation is given credence, then quite possibly debts *1162 incurred for professional services, perhaps including the type of services performed by the plaintiffs herein, could be construed to constitute debts on an open account, regardless of whether or not these services were "rendered on a continuing basis."
However, we feel that such an interpretation of this amendment would lead to absurd consequences and would subvert the intent of the Legislature. This Act was designed in order to insure that debts incurred by persons rendering professional services, such as doctors and lawyers, could qualify as open accounts, entitling these persons to recover attorney's fees for the prosecution of their claims. It would be incongrous to single out only persons providing legal and medical services and require them to provide services on a continuing basis before becoming eligible for attorney's fees under the statute. Thus, we conclude that all persons providing professional services must be deemed to have rendered them on a continuing basis before such persons can become eligible to recover attorney's fees under the purview of La. R.S. 9:2781.
Under this interpretation of the statute, we are unable to conclude that the plaintiffs are entitled to recover attorney's fees. It is evident to us that Frank Weeden and Weeden Engineering Corporation were merely providing one service based on a single contract. There is no evidence whatsoever in the record indicating that the plaintiffs were rendering a continuous supply of services to the defendants. Therefore, the plaintiffs were properly denied attorney's fees by the district judge.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs on appeal are assessed fifty percent (50%) against Louis Corne and the law firm of Simon, Corne, and Block, and fifty percent (50%) against Frank Weeden and Weeden Engineering Corporation.
AFFIRMED.
NOTES
[1] La.C.C. Art. 3012 provides:

"The mandatory, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee."
Additionally, La.C.C. Art. 3013 states:
"The mandatory is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."