# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-310


MELINDA DESCANT & CHARLES DESCANT

VERSUS

KING BUFFET, INC.



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2018-5777-A
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


**REVERSED.**

Conery, J., concurs and assigns reasons.

**Caina M. Green**
**Derrick G. Earles**
**David C. Laborde**
**Scott F. Higgins**
**Mary K. Cryar**
**Nicholas Rockforte**
**Wesley K. Elmer**
**LaBorde Earles Law Firm, LLC**
**100 Versailles Blvd., Suite "A"**
**Alexandria, LA 71303**
**(337) 253-3291**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Melinda Descant**
    **Charles Descant**

**Thomas R. Hightower, Jr.**
**Wade Kee**
**Thomas R. Hightower, III**
**Charles T. Texada, Jr.**
**Law Offices of Thomas R. Hightower, Jr.**
**A Professional Law Corporation**
**P. O. Drawer 51288**
**Lafayette, LA 70505-1288**
**(337) 233-0555**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Y & Weng, Inc.**
    **d/b/a King Buffet**

**SAUNDERS, Judge.**

This case involves an appeal from a trial court granting an exception of no cause of action in part, which partially dismissed the appellant's, Y & Weng, Inc. d/b/a King Buffet (King Buffet), reconventional demand. In the original petition of the underlying case plaintiffs, Melinda Descant (Ms. Descant) and Charles Descant (Mr. Descant), alleged that Ms. Descant was the head coach of the LSUA tennis team and on April 16, 2018, Ms. Descant and the tennis team visited King Buffet in Lafayette, Louisiana. The original petition alleged that the tennis team ate at King Buffet, received a bill, tendered payment, and left. Thereafter, the original petition alleges that a manager of King Buffet posted pictures of Ms. Descant on Facebook with a statement reading "the coach no pay the bills just leave … shame on them please everybody share."

King Buffet filed an Answer to Original, First and Second Supplemental and Amended Petitions for Damages and Reconventional Demand. The reconventional demand alleged that Ms. Descant is personally liable for a $233.04 bill for a meal eaten by herself and her tennis team. The trial court found that Ms. Descant "was or may have been acting solely in a representative capacity," that her employer may be held responsible for the unpaid bill owed to King Buffet, and that Ms. Descant could only be personally liable for the portion of the bill which was for the food she personally consumed. King Buffet now appeals.

**ASSIGNMENTS OF ERROR:**

> **[1].** The Trial Court improperly relied upon evidence outside of the face of the Reconventional Demand in sustaining Defendant-in-Reconvention / Appellee's Exception of No Cause of Action in part.

> **[2].** The Trial Court erroneously sustained Defendant-in-Reconvention/Appellee's Exception of No Cause of Action in part and dismissed Plaintiff-in-Reconvention/Appellant's claims against Appellee for payment of the portion of the bill for services rendered and food consumed not pertaining to Appellee, individually.

## LAW AND ANALYSIS

The standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law. *See Kinchen v. Livingston Parish Council*, 07–478 (La.10/16/07), 967 So.2d 1137. An exception of no cause of action will be maintained "only if it is clearly shown that the law affords no remedy for the grievances alleged, under the circumstances alleged, under any theory of the case." *Sanders v. Gore*, 95–660, p. 10 (La.App. 3 Cir. 7/10/96), 676 So.2d 866, 872, *writ denied*, 96–2072 (La. 11/15/96), 682 So.2d 762. As explained by the Louisiana Supreme Court in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La.1993), "the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." "The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264, p. 9 (La. 5/10/11), 63 So.3d 940, 946.

The trial court found that Ms. Descant "was or may have been acting solely in a representative capacity . . . and her employer may be held responsible for the bill" under respondeat superior. Respondeat superior is a tort doctrine and, as the trail court correctly noted, King Buffet "makes no allegations and seeks no relief in tort." Therefore, we will instead turn to mandatary law to determine if the reconventional demand alleges facts sufficient to state a cause of action against Ms. Descant.

2

Louisiana Civil Code Article 3016 states "[a] mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." However, comment (c) of La.Civ.Code        art. 3016 recognizes an exception to the rule, stating that "[a] mandatary who enters into a contract with a third person in the name of the principal and expressly promises the performance of the contract binds himself personally for that performance." This exception has also been recognized in cases, as when the third circuit explained that "[w]hile generally speaking, an agent is not responsible to third persons where his principal is disclosed, the agent may make himself personally liable if he expressly or impliedly pledges his own responsibility." *Weeden Eng'g Corp. v. Hale*, 435 So.2d 1158, 1160 (La.App. 3 Cir.), *writ denied*, 441 So.2d 764 (La.), and *writ denied*, 441 So.2d 764 (La.1983).

King Buffet's reconventional demand alleges that Descant "accepted the bill on behalf of herself and her team," and acknowledged the debt on a subsequent telephone call. When viewed in the light most favorable to King Buffet, with every reasonable doubt resolved in King Buffet's favor, the reconventional demand states a cause of action against Descant, as one reasonable interpretation of the alleged facts is that if Descant was acting in a purely representative capacity, she either implicitly or expressly pledged her own responsibility for the entire bill when accepting and acknowledging the bill.

Further, it must be noted that the reconventional demand does not allege that Descant acted in a representative capacity for her employer or whether she was acting within the limits of that representation. While the reconventional demand does allege that Descant was at the restaurant with her tennis team, that the bill was for food eaten by her and her tennis team, and that she provided proof of tax exempt status, these facts do not eliminate the possibility that Descant was not acting as a

3

representative or acted outside of her representative capacity when accepting the bill. We agree with the trial court's statement that "[t]he facts *may* justify a finding that Mrs. Descant was representing [her employer] as coach of the tennis team in her dealings with the restaurant." (emphasis added). However, it is also possible that Descant was not representing her employer at the restaurant, acted outside of her capacity as a representative, or that she bound herself personally for the performance. Any of these alternatives could lead to Descant being personally liable for the debt. Accordingly, we reverse the trial court's decision which partially granted the exception of no cause of action.

## CONCLUSION:

For the reasons stated above, we reverse the trial court's decision and remand the case for further proceedings. Costs of this appeal are deferred, pending outcome of the case.

**REVERSED.**

NUMBER 20-310

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


MELINDA DESCANT & CHARLES DESCANT

VERSUS

KING BUFFET, INC.


**Conery, J., concurs and assigns reasons.**

While I think a reasonable interpretation of the pleadings would lead one to conclude that Ms. Descant was acting in a representative capacity as Coach of the tennis team, I am constrained to agree with the majority that a reasonable interpretation of the pleadings <u>may also be</u> that Ms. Descant "expressly or implicitly" pledged her own responsibility for the entire bill. *See* La.Civ.Code art. 3016. King Buffet did allege that Ms. Descant did so and that she personally acknowledged the debt. It will be up to the trial court to judge credibility and find the facts at a trial on the merits.