LeBeau<br>v.<br>Glaze.

The first ground of error assigned, is that the principle that the accessory falls with the principal obligation only applies so long as the property mortgaged remains in the possession of the original debtor, and that when it passes into the hands of a third person having notice of the encumbrance, and against whom the hypothecary action is brought, as it was in this case, before prescription accrued upon the principal obligation, the mortgage becomes isolated from, and does not fall with it.

This distinction is in direct conflict with Art. 3252 of the Code, which provides that, in all cases where the principal debt is extinguished, the mortgage disappears with it. It also conflicts with Arts. 3249, 3494 and 3495, as expounded by our predecessors, in the case of *Shields* v. *Brundige*, 4 La. 326. The passages cited from *Grenier* and *Troplong*, have reference to the dispositions of the Code of France, which regulate the prescription of mortgages; our Code contains no such dispositions, and the rule here is without exception, that the mortgage falls with the principal obligation to which it is accessory. See *Succ. Linderman*, 3d Ann. 714; *Succ. of Dubreuil*, 12 Rob. 1207; *Auguste* v. *Bernard*, 3d Rob. 389.

The judgment is affirmed. with costs.

---

## Robert Cade *v.* M. Yocum & Z. Jones.

*A plaintiff who neither arrests the defendant, nor disturbs her property, will not be mulcted in damages, because it turns out that he was mistaken as to what he supposed were his legal rights.*

APPEAL from the District Court, parish of Vermillion, *Voorhies*, J. *Brent*, for plaintiff. *Walker*, and *Lewis & Porter*, for defendants and appellants.

Defendants' counsel cited to sustain claim for damages—C. C. 1928; *Guise* v. *Harvey*, 14 L. R. 202; *Copely* v. *Berry et al.*, 12 R. 80; 2 A. 620; 3 A. 588; *Penny* v. *Taylor*, 5 A. 713, C. C. 2294.

Slidell, J. The object of this suit is to recover from the defendant the amount of a debt paid by plaintiffs as surety of *Rutherford*, the former husband of the defendant, upon the ground that she had not taken the necessary steps at the time of his death to exonerate herself from the payment of one-half of the community debt; and also upon the further ground that she had intermeddled in the estate. A judgment obtained by the wife against the husband was also attacked as fraudulent.

The defendant asserted the validity of her judgment, denied her liability on the grounds charged, and pleaded an agreement between herself and plaintiff, whereby he received from her in compromise certain cattle, and abandoned all further claim against her.

The cause was tried by a jury, who found a verdict for the defendant.

A charge was given to the jury by the District Judge, in which he noticed various points of law raised by the parties. But he also told them, that in his opinion, the main question in the cause was the agreement set up by the defendant; that if they should be of opinion, from the evidence, that the stock of

CADE
v.
YOCUM & JONES.

cattle and horses was given to the plaintiff in consideration that he should discharge the defendants from any further liability resulting from his claim against her husband, their verdict should be for the defendants.

We have considered the conflicting testimony on the subject of the agreement, and giving due weight to the finding of the jury, we are not prepared to say that the defence on that ground was not made out. Witnesses may differ in their recollections of distant facts, and a clear conflict of evidence may occur, without necessarily involving a disposition on the part of any of the witnesses to pervert the truth. We may add that there are circumstances in the evidence, independent of their testimony, which indicate (although not, it is true, in such a manner as to estop him) the plaintiff's recognition of the validity of the wife's judgment, and the existence of amicable relations subsequent to the agreement, giving countenance to the proposition that the present claim had been adjusted and compromised. It is also to be observed that the evidence renders it at least probable that the wife had a just claim against her husband, and the plaintiff may, therefore, well have considered a compromise, by which he obtained something, preferable to litigating with the wife, whose mortgage would still survive, if her claim was proved, even although the judgment obtained by her against her husband should be set aside.

There was a claim in reconvention set up, which we think the jury properly disregarded. We see no ground to relieve her from the partial payment of the claim against her husband which she thought proper to make in order to buy her peace; and as to the damages claimed for the expense incurred by the defence of this suit in counsel fees, and the trouble and mental annoyance to which it has subjected her, such matter is clearly not a subject for damages. The case is one in which the plaintiff, without arresting the defendant's person, or disturbing her property by seizure, simply presents before a Court of justice a money demand; and he is not to be mulcted in damages because it turns out he was mistaken as to what he supposed were his legal rights.

Judgment affirmed, with costs.