347 So.2d 11 (1977)
Harry G. PROPHIT, Jr., et al.
v.
McSWEEN, BROOK AND BOLTON et al.
No. 5977.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1977.
Rehearing Denied June 24, 1977.
Burnett, Sutton, Walker & Callaway by Bobby D. Sutton, Shreveport, La., for plaintiff-appellant.
Kramer & Davis by James D. Davis, Alexandria, for defendant-appellee.
Before WATSON, FORET and HEARD, JJ.
WATSON, Judge.
This is an appeal from a judgment denying plaintiff a refund of part of a legal fee. The fee was paid in advance to defendant attorneys, plaintiff being required to employ them by a lending institution to close the interim construction loan and the permanent loan on an apartment complex. The attorneys did not close the permanent loan because plaintiff secured financing from a different lending institution, which required its own attorneys. The trial court held that the defendant attorneys were entitled to retain their entire fee of $17,250, while plaintiff contends that it is entitled to a substantial refund.
Plaintiff is Prophit Associates,[1]d/b/a Cypress Manor Apartments, a Louisiana partnership in commendam, appearing *12 through its general partner, Harry G. Prophit, III, (hereafter Prophit); and the defendants are McSween, Brook and Bolton, a law partnership, and the individual partners, Harold B. McSween, Jack Pierce Brook and Frank R. Bolton, Jr.
In late 1972 or early 1973, Prophit approached Rapides Savings and Loan Association of Alexandria about permanent financing of an apartment complex in Monroe, Louisiana to be known as Cypress Manor Apartments. A commitment was made by Rapides to lend $1,725,000 on certain terms and conditions, one of which was that Prophit pay a fee to Rapides for the one-year's commitment and another that Prophit employ the law firm of McSween, Brook and Bolton to close both the permanent loan and the interim construction loan. Rapides was not providing the interim construction loan, which was being obtained by Prophit from Central Bank of Monroe. Prophit paid the fee for the commitment but had no obligation to accept or use the Rapides loan, Prophit in effect purchasing an option to obtain a loan. Prophit engaged McSween, Brook and Bolton to close the interim and permanent loans.
Prophit was billed for and paid the attorney's fee to the defendant law partnership. A member of the firm, Jack Brook, testified that he commenced work on the closing of the construction loan and this loan was in fact completed although the permanent loan with Rapides was not. The record is not entirely clear as to what services attorney Brook performed. His testimony is uncertain as to what documents were prepared and what other activities he conducted, although it is reasonably established that he traveled to Monroe on two or three occasions; that he prepared certain forms in connection with closing the construction loan; and that he performed legal research on the subject of partnerships in commendam.
It is doubtful that Brook examined the title to the property. This constituted a major portion of the legal work to be done, but a Monroe attorney, John Parkerson, apparently did the title work because he caused to be issued a policy of title insurance and was paid $4,006.50[2], over and above the $17,250 presently in dispute. No title opinion by the defendant attorneys is in evidence and Brook admitted candidly that he did not recall preparing one.
Since Prophit did not use the Rapides loan for permanent financing, the defendant law firm was never called on to close the permanent loan. Prophit obtained a loan from a savings institution in Monroe which required that its Monroe attorneys be used.
Prophit did not notify the defendant law firm that other financing had been found. However, there is evidence that attorney McSween, who was not only a partner in the law firm but also an official of Rapides, was made aware as early as June 22, 1973, that Prophit had obtained other permanent financing.
Prophit, through attorneys, requested a refund of a portion of the legal fee. When it was not forthcoming, Prophit sued. After certain preliminaries, defendant answered, contending that through no fault of theirs Prophit had obtained other financing and they had never been given the opportunity to complete their services although they stood ready, willing and able to do so.
Following trial, the trial court decided in favor of the defendant law firm and against plaintiff.
The issues to be resolved on appeal are:
(1) whether plaintiff was entitled to discharge the defendant law firm prior to the completion of their services; and
(2) if so, what is the quantum meruit fee which the attorneys are entitled to retain, or stated differently, what unearned portion of the previously paid fee should be restored to plaintiff.
As to the first issue, whether plaintiff was entitled to discharge the defendant law firm before their services had been completed, it is established that the appointment of an attorney is a mandate revocable at the client's will. LSA-C.C. art. *13 3028; Barranger, Barranger and Jones v. Cromp, 286 So.2d 474 (La.App. 1 Cir. 1974) writ denied 288 So.2d 647 (La.); Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4 Cir. 1975) writ denied 318 So.2d 43 (La.). The argument that the defendant law firm was ready, willing and able to perform or that Prophit discharged them because he found a better business deal does not override the basic concept that the client may discharge his attorney with or without reason. There is a suggestion of some fault on the part of plaintiff, but plaintiff merely got a better loan elsewhere and was entitled to discharge the prior attorneys, because he was required to use other attorneys by the second lending institution. LSA-C.C. art. 3030. Prophit had not selected the defendant law firm in the first instance, but was required to employ them.
The next question is what was the value of the services rendered by the defendant law firm, that is, how much of the fee are they entitled to retain and how much must they refund to Prophit. There is considerable testimony by attorney Brook in the record concerning the time which he spent on plaintiff's business. However, if valued at Brook's customary hourly rate, the total amount would be only three or four thousand dollars. A strict hourly computation would not take into consideration the size of the transaction or other factors making such a fee inadequate.
On the other hand, the conclusion stated, as dicta, by the trial judge in reasons for judgment that only two-and-one-half to four per cent of the work was left to be done on the contracted legal services, which would entitle Prophit to a refund of less than $690, is unconvincing.
The only expert testimony in the record concerning the value of the legal services or the amount of work left to be done is the testimony of Charles Peatross, a Shreveport attorney, who was qualified as an expert in the closing of large construction loans. This expert estimated that fifty per cent of the work had been completed and fifty per cent remained. Since this is the only expert testimony in the record and since the evidence supports his conclusion, we find that, on quantum meruit basis, the defendant law firm is entitled to fifty per cent of the fee paid and plaintiff is entitled to a fifty per cent refund.
A law partnership is an ordinary partnership; and the partners are bound jointly, not in solido. Dyer v. Drew, 14 La.Ann. 657 (1859). The plaintiff is entitled to a judgment against the partnership and to a judgment jointly against the individual partners for each's virile share. LSA-C.C. art. 2872; National Oil Works v. Korn Bros., 164 La. 800, 114 So. 659 (1927).
Therefore, the judgment of the trial court is reversed and it is ordered, adjudged and decreed that there be judgment herein in favor of Prophit Associates, d/b/a Cypress Manor Apartments, and against the partnership, McSween, Brook and Bolton, in the amount of $8,657, plus legal interest from date of judicial demand until paid, and for all costs, and against Harold B. McSween, Jack Pierce Brook and Frank R. Bolton, Jr., as partners, jointly for their individual share of the judgment, legal interest and costs. Costs, both on trial and appeal, are taxed against the defendants.
REVERSED AND RENDERED.
NOTES
[1] Suit was originally filed by Harry G. Prophit, Jr., et al but was amended to show the correct plaintiff as Prophit Associates.
[2] This figure appears variously as $4,007, $4,006, and $4,006.50.