DOMENGEAUX, Judge.
Defendants-Reconvenors-appellants (appellants) appeal from a District Court judgment sustaining a peremptory exception of no cause of action and dismissing their re-conventional demand.[1]
On January 22, 1979, William C. Campbell, Laura Ann Murrel Johnson, and Hardy Campbell, (appellees), owners in indivisión of 14/24ths of certain immovable property located in Evangeline Parish, filed suit for partition by licitation against all others whom they believed were co-owners of the property. The named defendants were Herbert Crawford, Sr., alleged to own %4 ths of the property, and his eight children, each alleged to own Vkths of the property.
Appellants filed an answer and reconven-tional demand on February 5, 1979. The answer admitted that appellees were owners in indivisión but it denied all other allegations. The reconventional demand alleged that the appellees were responsible for the death of Herbert Crawford, Sr., who died the day after he was served with the original petition for partition.
Appellees filed an exception to the recon-ventional demand. The exception was argued before the trial judge on April 5,1979. On April 17, 1979, he sustained the exception and dismissed the reconventional demand. The children of Herbert Crawford, Sr., have appealed.
The only issue before this Court is whether the appellants have stated a legal cause of action in their reconventional demand which attempts to hold the appellees liable for the death of their father.
In considering an exception of no cause of action, all well pleaded allegations of fact in *138 a plaintiff’s petition must 'be accepted as true. Barnett v. Develle, 289 So.2d 129 (La.1974); Di Fatta v. Williams, 176 So.2d 185 (La.App. 4th Cir. 1965). In this case, appellants’ well pleaded allegations of fact in their reconventional demand are:
(1) That Herbert Crawford Sr. sold his %4ths interest in the property on June 30, 1976, to Donald Ray Crawford;
(2) That he has had no interest in the property since that date;
(3) That plaintiffs could have easily examined the conveyance records at the Clerk of Court’s office in Evangeline Parish before filing suit;
(4) That such an examination would have revealed that Herbert Crawford, Sr. had no interest in the property, and should not properly have been sued;
(5) That he was served with partition suit . papers on January 23, 1979;
(6) That the suit gravely upset him;
(7) That he died of a heart attack and/or myocardial infarction on January 24, 1979; and
(8) That the heart attack which killed him was triggered by plaintiff’s suit against him.
Appellants contend as a matter of law that appellees owed a duty to Herbert Crawford, Sr. to check the conveyance records to determine whether he was a co-owner or not; that failure to do so was a breach of appellees’ duty to Herbert Crawford, Sr.; and that this breached duty was the sole and proximate cause of his death. They ask that we overrule the exception of no cause of action so as to allow them an opportunity to prove their contention.
No cases have been cited, nor can this court find any cases, recognizing an action in damages for the purely negligent institution of a suit. However, jurisprudence in this state indicates that an action such as the one appellants base their claim on is not recognized at law. In Cade v. M. Yocum & Z. Jones, 8 La.Ann. 477 (1852), the court stated at page 478:
“. . . and as to the damages claimed for the expense incurred by the defence of this suit in counsel fees, and the trouble and mental annoyance to which it has subjected her, such matter is clearly not a subject for damages. The case is one in which the plaintiff, without arresting the defendant’s person, or disturbing her property by seizure, simply presents before a Court of justice a money demand; and he is not to be mulcted in damages because it turns out, he was mistaken as to what he supposed were his legal rights.”
In the case of Young v. Courtney, 13 La.Ann. 193 (1858), at page 195, the court stated:
“But the defendant . claims that he has been injured in- the sum of $5000 by the unwarrantable institution of this suit, and that the District Judge erred in refusing to allow him to introduce evidence to prove such damage. In general, the law considers the taxed costs as the only damage which a party sustains by defence of a suit against him, and these he recovers by the judgment in his favor.”
The Cade v. Yocum case has been cited approvingly by Aetna Finance Company v. Betz, 35 So.2d 909 (Orl.La.App. 1948), which also quotes 1 C.J.S. Actions § 15, p. 1008, as follows:
“. . Although one party may thereby subject the other to unnecessary trouble and expense, unless the action is malicious and without probable cause the damage so called is dam-num absque injuria, and, as a general rule, a cause of action cannot be maintained for redress therefor . . . .”
Usually, a cause of action cannot be maintained for redress for these damages because it is fundamental to our system of justice that litigants have full access to the courts to assert claims in good faith. And, as was recognized in Kihneman v. Humble Oil & Refining Company, 312 F.Supp. 34 (E.D. La. 1970), “the unsuccessful suitor is not to be held in damages merely because he was mistaken in his belief that he had a *139 proper case. . . . For it is considered that burdening the unsuccessful plaintiff with such expense would tend to restrict access to the courts to affluent suitors.”
Despite the foregoing, damages have been allowed for malicious prosecutions, but only after a clear showing of (1) malicious intent, (2) want of probable cause, and (3) termination of the proceedings in favor of the plaintiff. Joyner v. Weaver, 337 So.2d 635 (La.App. 3rd Cir. 1976). At best, appellants’ reconventional demand alleges facts sufficient to show only that appellees lacked probable cause to sue Herbert Crawford, Sr. because he was not a co-owner of the property. For appellants to prevail on this exception, allegations of malice and lack of probable cause must concur. Blanchard v. Employers Liability Assurance Corporation, 197 So.2d 386 (La.App. 2nd Cir. 1967). Not only does the reconventional demand lack any allegations of maiice, but appellants vehemently maintain that theirs is not a suit for malicious prosecution. Under the jurisprudence of our state, then, this Court must hold that appellants have failed to state a cause of action for which relief can be granted. The judgment sustaining .the exception of no cause of action is affirmed.
This case is very similar to Blanchard. There, plaintiffs filed suit to recover damages allegedly sustained in defending certain damage suits which, it was averred, were filed “ ‘without probable cause and . were willfully and negligently instituted.’ ” Plaintiffs contended that “ ‘[b]y the use of reasonable care and by making only casual inquiries, defendants could and should have ascertained prior to the institution of said actions .. . .” that the explosion was caused by the negligence of another defendant in the original suit. The defendants filed an exception of no cause of action which was sustained by the trial court. The Court of Appeal affirmed, holding that “. . . in the absence of charges that [defendants] were motivated with malice and acted without probable cause, [plaintiffs] have failed to state a cause of action.” 197 So.2d at 389.
For the above and foregoing reasons the judgment of the trial court sustaining the exception of no cause of action is hereby affirmed. Costs are assessed against the appellants.

AFFIRMED.

. The signed judgment sustains the “Exceptions of No Cause or Right of Action.” However, the exception in this case is really an exception of no cause of action because the question is raised of whether any remedy is afforded by law and not whether a remedy already provided by law can be invoked by a particular plaintiff. Taylor v. Castille, 318 So.2d 106 (La.App. 3rd Cir. 1975), writ denied 321 So.2d 366 (La.1975); Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3rd Cir. 1976), writ refused 339 So.2d 351 (La.1976).