401 So.2d 643 (1981)
Elton DEVILLE, Plaintiff-Appellant,
v.
Russell ZAUNBRECHER and the Edwards Law Firm, Defendants-Appellees.
No. 8297.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Rehearing Denied August 13, 1981.
*644 Elton Deville, in pro. per.
Edwards, Stefanski & Barousse, Homer Ed Barousse, Jr., Crowley, for defendants-appellees.
Before CUTRER, STOKER and BIENVENU,[*] JJ.
CUTRER, Judge.
The plaintiff, Elton Deville, filed suit in proper person against Russell Zaunbrecher and the Edwards Law Firm. Mr. Zaunbrecher had represented Mac Hanigriff in a suit against plaintiff. The matter was tried on September 20, 1978, and judgment was granted in favor of Mr. Hanigriff on November 7, 1978. The plaintiff filed this suit on October 16, 1980. The plaintiff's petition alleges that Mr. Zaunbrecher persuaded the court to "prosecute" him in that prior suit, while Mr. Zaunbrecher knew that Hanigriff's case was based on lies. The plaintiff seeks $1,000,000.00 "for the damages done to the reputation of Elton Deville and the terrible mental anxieties it has caused him."
The defendants[1] in the instant suit filed an exception of prescription. The trial court sustained that exception and the suit was dismissed. Plaintiff appeals and we affirm.
The plaintiff's brief reveals his total unfamiliarity with the law. Regarding the exception of prescription, he refers the court to Comment (e) of La. C.C.P. art. 2004 which notes that art. 2004, dealing with annulment of judgments, does not apply to a fraudulently obtained confession of judgment. This is obviously not relevant to the case at hand. Plaintiff has not sought the annulment of a prior judgment; nor was there any confession of judgment involved in the suit by Hanigriff against Deville.
Plaintiff is disgruntled over the results of the previous lawsuit. He now alleges wrong doing on the part of his opponent's attorney. While it is questionable that plaintiff has stated a cause of action in his petition, it is fair to say that if any cause of action is stated, it would be classified an offense or quasi offense arising under the provisions of LSA-C.C. arts. 2315 and 2316.
Article 3536 of our Civil Code provides that certain actions are prescribed in one year. Among those actions are those for injurious words, whether verbal or written, and those for damages resulting from offenses or quasi offenses. Since plaintiff filed suit well beyond the one year prescriptive period, we find that any claim that plaintiff may have had against defendants arising out of plaintiff's prior litigation *645 with Mr. Hanigriff would fall within the ambit of Civil Code art. 3536 and is thus prescribed.
For the above reasons, the judgment of the trial court sustaining the exception of prescription is affirmed. Plaintiff is to pay all costs of this appeal.
AFFIRMED.
NOTES
[*] Judge C. Thomas Bienvenu, Jr., Sixteenth Judicial District Court, Parish of St. Martin, participated as Judge Ad Hoc in this decision.
[1] The plaintiff's suit was against Russell Zaunbrecher and "the Edwards Law Firm." The remaining members of the firm were not named in the petition. The exception of prescription was filed on behalf of each of the members of the law firm, however, and the judgment dismissed the suit against each member.