YELVERTON, Judge.
The plaintiff, Obed Wayne Kirkpatrick, filed suit against his former employers, Great Central Life Insurance Company and Great Central Fire Insurance Company, and Howard J. Rush, the chief executive officer of both companies, for alleged unpaid commissions and commission overrides, and attorney’s fees. Howard Rush filed a motion for summary judgment alleging that he acted as an agent for the defendant-companies, not in his individual capacity, and that therefore he could not be personally liable. The motion was granted on March 28, 1985. From that judgment the plaintiff appeals. We reverse.
The summary judgment motion exhibits reveal that plaintiff entered into an employment agreement with defendant Great Central Life on November 18, 1981. In this agreement the company promised to pay the plaintiff-agent a percentage commission on certain types of policies. The agreement was signed by Howard Rush as “Chairman of the Board.” On January 12, 1982, the plaintiff entered into five more agreements with the two defendant-insurance companies which entitled him to a percentage commission on new business written and a percentage commission override on new business written from November 15,1981, as well as expense reimbursements. All five agreements were written on defendant-companies’ stationery and signed by Howard Rush. Three of them were signed by Howard Rush as “Chairman of the Board.”
On January 21, 1983, defendant Great Central Life cancelled plaintiff’s employment contract. He filed the present suit for alleged unpaid commissions naming as defendants the two insurance companies and Howard Rush individually.
Rush’s motion for summary judgment was supported by two affidavits, his and one by Charles Johnston. The affidavits stated that both men were officers in the defendant companies, that plaintiff entered into employment contracts with the defendant-companies, and that Rush was not a party to the contracts. The affidavits further revealed that Howard Rush never in his individual capacity employed or contracted with the plaintiff.
The petition alleges that plaintiff was induced to sign the employment agreement on the representations and promises made by Rush individually. On February 28, 1985, plaintiff filed an opposing affidavit. In it he stated that he was contacted by Howard Rush to train sales personnel of the defendant-companies and to be an *453 agent and sales manager for the companies. He declared that he was assured by Rush, then chairman of the board of the companies, that Rush “personally would stand behind the accommodations in salary and benefits mutually agreed on” by plaintiff and Rush. Because Rush was chairman and majority shareholder of the companies, plaintiff said he relied on his word that the salary and benefits would vest as agreed. Plaintiff declared that he would not have accepted the employment with defendant-companies, had not Rush assured him the terms of the contracts would be carried out.
Based on this evidence the trial court granted Rush’s motion for summary judgment.
Summary judgment is appropriate only when the moving party shows that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
As the Supreme Court stated in Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983):
“La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor ‘if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.’ Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs denied, 403 So.2d 68 (La. 1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).”
“To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).”
An agent “is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.” La.C.C. art. 3013.
In the present case it is clear that plaintiff was aware Rush was an agent for the defendant-companies during employment negotiations. He was well aware of the fact that Rush was chairman of the board for both companies, and had the authority to negotiate the terms of employment with him. Plaintiff never alleged that Rush “exceeded his authority without exhibiting his powers” in negotiating the employment agreements. However, plaintiff is claiming that Rush pledged his personal responsibility-
An agent may become personally liable if he expressly or impliedly pledges his own responsibility. Dupre v. Marquis, 467 So.2d 65 (La.App. 3rd Cir.1985), writ denied 472 So.2d 38 (La.1985).
Closely scrutinizing the summary judgment evidence,, two questions are presented. First, why did Rush sign three of the five January 12, 1981, contracts as “Chairman of the Board”, while his signature on the other two do not reflect that he was signing in that capacity? Since there appears to be no dispute that the companies themselves were bound by the con *454 tract, perhaps these distinctions between the five contracts mean nothing, but we cannot at this stage be sure. The other question has to do with a statement that plaintiffs affidavit attributes to Rush, that Rush would personally stand behind the accommodations in salary and benefits. Construed indulgently and standing alone, the statement could mean that Rush pledged his own responsibility. Since the status of Rush as a defendant in the case hinges entirely upon his personal responsibility, whether he made the statement is a material fact. Whether he said it is disputed, and what he meant by it, if he said it, is disputed. Since these were genuine issues of material fact, summary judgment was not appropriate.
For these reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs of this appeal are to be paid by appellants. Costs below will await the final outcome of the case.
REVERSED AND REMANDED.