501 So.2d 829 (1986)
Brian SONDES
v.
SEARS, ROEBUCK AND COMPANY, Favret, Favret, Demarest and Russo, P.L.C., and the City of New Orleans.
No. CA-5368.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
*830 James A. Babst, Eleanor A. Lasky, Chaffe, McCall, Phillips, Toler and Sarpy, New Orleans, for defendants-appellees Sears, Roebuck and Co.
Joseph F. Roy, Metairie, for plaintiff-appellant Brian Sondes.
J. Paul Demarest, Favret, Favret, Demarest & Russo, New Orleans, for defendants-appellees Favret, Favret, Demarest & Russo, P.L.C.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Brian Sondes appeals the district court's ruling which dismissed his action against *831 Favret, Favret, Demarest & Russo, P.L.C. (Favret) on a peremptory exception of no cause of action, and transferred his claims against Sears, Roebuck and Company (Sears) to "a court of proper jurisdiction" on a declinatory exception of "jurisdiction".[1] Sondes avers that the trial court erred in maintaining these exceptions. We affirm in part and reverse in part.
The underlying lawsuit arose as a result of an action commenced on behalf of Sears by its attorney, Favret, in the First City Court for the Parish of Orleans against the appellant to collect on a delinquent open account. Sears alleged by verified petition that the Sondes' account was delinquent in the amount of $809.81 for a refrigerator purchased on credit from Sears. The petition requested issuance of a writ of sequestration permitting the seizure of the refrigerator. On February 23, 1984, the writ was issued and on April 5, 1984, the seizure was perfected.
In response, Sondes instituted suit to dissolve the writ of sequestration. He also alleged in his petition to the district court that as a result of the seizure and the attendant confrontation which ensued among the parties, he suffered the following wrongs: damages attributable to Sears and its counsel, Favret, flowing from misrepresentation and wrongful seizure; tort damages occasioned by Sears through one of its employees who assisted the seizure; and damages for misrepresentations made by Favret in securing the writ of sequestration.

EXCEPTION OF NO CAUSE OF ACTION
Sondes' claims against Favret personally were dismissed on a exception of no cause of action. Upon appeal of an exception of no cause of action, all well pleaded allegations of the petition are accepted as true. Northwest Ins. Co., v. Carpenters Dist. Council, 470 So.2d 218 (La.App. 4th Cir.1985). The reviewing court may consider only the petition and documents which were attached and made part thereof. Excluded from review are assertions of fact referred to by the various counsel in their briefs which were not pled in the petition. State ex rel Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir.1975). The grant of the exception of no cause of action is proper when, assuming all of the facts alleged in the plaintiff's petition are proven, the plaintiff is not entitled to the relief he seeks as a matter of law. Id. at 296.
In the instant case, Sondes' petition alleged that Favret acted with malice and intent, consciously causing the injuries sustained as a result of "... misrepresentation, wrongful issuance of writ, failure to investigate, encouraging, aiding and abetting a wrongful seizure, invasion of privacy, wrongful conversion and trespass." As the reviewing court, our inquiry is restricted to the determination of whether the above allegations, if true, would provide Sondes with a cause of action for which relief may be granted. We think not.
As the attorney representing Sears, Favret was charged with the duty to seek payment on Sondes' alleged delinquent credit account. To this end, Favret made amicable demand on Sondes for the amount due. As a result of this communication, Sondes allegedly requested an itemization of his account and documentation of the purported debt. Shortly after the date of amicable demand and allegedly prior to Favret's compliance with Sondes' request, Favret filed the petition for sequestration to permit the seizure of the refrigerator from Sondes' residence.
The petition to dissolve sequestration and for damages states that at all pertinent times "... Mr. Favret was acting as attorney and agent for Sears." Under *832 our jurisprudence, the relationship between attorney and client is one of principal and agent. Dupre v. Marquis, 467 So.2d 65 (La.App. 3rd Cir.1985). writ denied 472 So.2d 38 (La.1985). While generally an agent is not responsible to third persons where his principal is disclosed, the agent may make himself personally liable by his conduct. Weeden Engineering Corp. v. Hale, 435 So.2d 1158 (La.App. 3rd Cir. 1983), writs denied 441 So.2d 764 (La. 1983). One manner in which an attorney may so bind himself is if he exceeds the limits of his agency. Dupre, 467 So.2d at 68. C.C. Art. 3013.
In the present case, Sondes makes no specific allegation in his petition that the Favret acted outside the scope of his authority as Sears' attorney. Under these circumstances Favret cannot be held personally liable for alleged wrongs committed while acting on Sears' behalf.
Moreover, even had Sondes alleged that Favret acted outside the scope of his agency, the mere conclusory allegations of wrong doing in his petition would not justify holding Favret liable. These allegations were simply not sufficient to state a cause of action against Favret personally and his exception of no cause of action on this issue was properly granted.
However, under C.C.P. Art. 934 the Sondes should have been given time to amend his petition to state a cause of action. In conformity with our discussion below, we therefore remand this claim to the First City Court for the City of New Orleans to allow Sondes fifteen days to amend his complaint.

DECLINATORY EXCEPTION
In its declinatory exception and memorandum in support thereof, Sears argued that Sondes' claim to dissolve the writ of sequestration and his claims for damages arising from the writ's wrongful issuance were improperly brought in Civil District Court. Sears based this exception on C.C.P. Art. 3506 which it interpreted to require Sondes to bring both of the above claims in the court which granted the writ of sequestration, namely the First City Court for the Parish of Orleans. The trial court agreed with Sears, granted the exception and transferred Sondes' claims to "a court of proper jurisdiction". We find that the trial court properly sustained the declinatory exception although our reasons differ.
C.C.P. Art. 3506 provides that:
"The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.

The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits." (Emphasis added).
By our interpretation of this article, both the action to dissolve the writ of sequestration and the action for damages resulting from wrongful issuance of the writ must be brought by way of contradictory motion or reconventional demand filed in the sequestration action. This conclusion, based on a literal reading of the article, yields logical results consistent with the promotion of judicial economy. C.C.P. Art. 3574 supports our interpretation by requiring that:
"[A]n application for a writ of sequestration shall furnish security for an amount determined by the court to be sufficient to protect the defendant against any damages resulting from a wrongful issuance, unless security is dispensed with by law." (Emphasis added).
Since the security protecting against damage from wrongful issuance is lodged with the court issuing the writ of sequestration, it is only reasonable that the same *833 court should hear the allegations of wrongful issuance and award whatever damages are proven to have arisen therefrom.
Additional support for this interpretation can be drawn from the case of Joseph Fein Caterer, Inc. v. Borenstein, 459 So.2d 673 (La.App. 4th Cir.1984) which interpreted C.C.P. Art. 3608. Although this article deals with the allowance of damages for wrongful issuance of a temporary restraining order or preliminary injunction, it otherwise contains language identical to that in C.C.P. Art. 3506. Under this article:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
In determining whether damages under C.C.P. Art. 3608 could be sought by way of a new petition rather than by a motion to dissolve or a reconventional demand, this court held in Borenstein that:
"[w]e interpret the word `may' in this article to mean only that the decision whether or not to award damages for the wrongful issuance of a temporary restraining order is within the trial judge's discretion. It is clear from the article that if such an action for damages is pursued, it can only be asserted by way of a motion to dissolve or a reconventional demand." Id. at 675.
Despite the difference in the applications of C.C.P. Arts. 3504 and 3608, we nonetheless find sufficient similarity in the language of both articles to extend the rationale behind our codal interpretation in Borenstein to the instant case.[2] Having decided that the Sondes should have sought dissolution of the writ of sequestration and damages for its wrongful issuance in the court which issued the writ, we must now determine whether the trial court's transfer of all his claims "to a court of proper jurisdiction" was correct.
At the outset, we note that there is an apparent lack of authority to support the trial court's transfer of any of the claims before it after sustaining the declinatory exception styled "jurisdiction". The transfer provision contained in C.C.P. Art. 932 cannot accurately be applied in the instant case since the transferral was not technically from "a court of improper jurisdiction or venue." Despite the absence of positive law specifying the procedural device for transfer of the appellant's claims before the district court, we nevertheless conclude that the trial court is vested with the authority to transfer claims in this case by virtue of C.C. Art. 21 and C.C.P. Art. 191. C.C. Art. 21 provides:
In all civil matters, where there is not express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.
C.C.P. Art. 191 provides:
"A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law."
Numerous cases have extended the application of these articles to provide procedural devices where none existed under positive law. See Spencer v. Children's Hospital, 432 So.2d 823 (La.1983); Morris v. Cain, 35 La.Ann. 759, 762 (1883); In re Liquidation of Mirchell Borne Construction *834 Co, 145 La. 379, 390, 82 So. 377, 381 (1919). We find the exercise of the court's "inherent power" in the present case to be a more reasonable alternative to dismissal of the claim which would impose needless costs and delays on the parties and hamper judicial efficiency. For this reason, we find that the district court did have the authority to transfer claims subject to the declinatory exception urged in the instant case.
The next issue presented is which claims were properly subject to the exception and, therefore, transferable to the First City Court. We find that all of the injuries claimed by Sondes, were directly related to the purported wrongful issuance of the writ of sequestration and were thus transferable with the exception of the assault and battery claims. These latter injuries resulted from conduct more closely related to wrongful execution of the sequestration by Sears rather than wrongful issuance of the writ. Because these intentional tort claims cannot reasonably be characterized as damages flowing from the wrongful issuance of the writ of sequestration we find that they were not subject to the procedural limitations of C.C.P. Art. 3506. Accordingly, the trial court erred when it included these claims in its judgment sustaining Sear's declinatory exception and transferring the claims to another court. The appellant had the right to have his assault and battery claim heard in the Civil District Court and the trial court erred by transferring this claim.
For the above reasons, we reverse and remand that portion of the trial court's judgment which transferred Sondes' assault and battery claim against Sears and its employee to First City Court and remand the claim to Civil District Court for further proceedings. The remainder of the trial court's ruling is affirmed but amended to allow Sondes fifteen (15) days in which to amend his petition to state a cause of action against Favret. The costs of this appeal are to be shared equally by Sondes and Sears.
AFFIRMED IN PART REVERSED IN PART, AMENDED IN PART AND REMANDED.
NOTES
[1] These issues have already been presented to this court (albeit in somewhat abbreviated form) in writ #C-4140, January 27, 1986. In that ruling we specifically named First City Court as the court of proper jurisdiction. The action we take today is consistent with that more limited ruling, however, we have taken this opportunity to more fully expound the reasoning behind it and to address previously unresolved issues.
[2] We note that authority predating C.C.P. Art. 3506 exists for the proposition that a separate action may be brought for damages arising from wrongful issuance of the writ of sequestration, however, this court's interpretation better serves the purpose of the current procedural scheme relative to the writ of sequestration and the recovery of damages for its wrongful issuance. See Williams v. Ralph R. Miller Shows, 17 So.2d 67 (La.App. 1st Cir.1944); Johnson, Attachment and Sequestration, 38 Tul.L.Rev. 1, 27.