KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in sustaining a peremptory exception of no cause of action and dismissing plaintiffs suit as to one of the defendants and his insurer.
Dr. Francis Dalton, a dentist (hereinafter plaintiff), has appealed from an adverse decision sustaining a peremptory exception of no cause of action and dismissing his suit for damages against defendants, Mr. and Mrs. Clifton Breaux (hereinafter Breauxs), and their attorney, Edward J. Milligan (hereinafter defendant), and the attorney’s malpractice insurer. Plaintiffs suit was filed after a prior medical malpractice suit filed by the defendant on behalf of the Breauxs terminated in favor of plaintiff.
The plaintiffs original petition alleged that a medical malpractice claim was brought before a medical review panel in accordance with law and that the panel found no negligence or malpractice on the part of the plaintiff. The petition further alleged that despite this and the pre-trial deposition of defendants’ own expert witness, who testified on deposition and at trial there was no negligence or malpractice on the part of the plaintiff, that the Breauxs and their attorney “maliciously caused the above mentioned lawsuit to be tried and at the trial of the matter, only their own testimony and the testimony of the above mentioned expert was elicited and defendants produced no other witness to establish negligence or malpractice on the part of DR. FRANCIS DALTON.” (Emphasis added.)
Defendants filed a peremptory exception of no cause of action which was sustained, with leave of court for the plaintiff’s petition to be amended within 15 days. Defendant filed two amended petitions adding to the malicious prosecution claim allegations of defendants’ negligence and defamation. A similar peremptory exception was then again filed by defendant and it was also sustained by the trial court, because of the insufficiency of the factual allegations of the plaintiff’s original and amending petitions, and plaintiff’s suit was dismissed as to the defendant and his insurer.
The plaintiff timely appeals this adverse ruling and the dismissal of his suit as to the defendant and his insurer. We affirm.
LAW
In any case where a suit is brought by a doctor, who was vindicated in an earlier contested malpractice case, against the attorney for the plaintiff in the earlier unsuccessful malpractice case, consideration must be given to the “chilling effect” such an action might have on the basic right of a citizen to seek redress in court for what he considers to be a wrong. Spencer v. Burglass, 337 So.2d 596 (La.App. 4 Cir.1976), writ den., 340 So.2d 990 (La.1977).
The premise that an attorney for a plaintiff in a malpractice case can be guilty of malicious prosecution for bringing an unsuccessful malpractice case would distort the role of an attorney in such a case. A malpractice suit is filed by the attorney only in a technical sense since he signs the pleadings and represents the parties in court. In fact, the unsuccessful malpractice suit is instigated and carried on by the plaintiffs themselves. The attorney is only the plaintiff’s employee or agent. It must be assumed that the plaintiffs in the unsuccessful malpractice suit thought they had been damaged by the doctor irrespective of the fact that no one else agreed with them. The plaintiffs in an unsuccessful malpractice suit have a legal right to place the facts before a judge or a jury for a judicial determination as to whether the doctor had *1279 failed in his duty toward them. This is true even if a medical review panel finds no malpractice on the part of a doctor. See LSA-R.S. 40:1299.41(E); 40:1299.47. The Breauxs’ attorney in the unsuccessful malpractice suit, who is the defendant attorney in this suit, was simply the instrument through which the Breauxs invoked a judicial determination of their claim. In the absence of allegations which would support specific malice by the defendant attorney motivating him to persuade his clients, the Breauxs, to initiate and continue their medical malpractice suit against the plaintiff, we believe that no cause of action can be stated for malicious prosecution against the defendant attorney.
Plaintiff contends that such specific allegations are contained in his original and amended petitions which alleges that the defendant attorney maliciously continued to prosecute and tried the Breauxs’ medical malpractice suit when a medical malpractice review board found no malpractice and the Breauxs’ own expert witness had given a pre-trial deposition that there was no negligence or medical malpractice on the part of the plaintiff. Plaintiff contends that Article 856 of the Louisiana Code of Civil Procedure expressly provides that malice and other conditions of the mind of a person may be alleged generally and relies on Dupre v. Marquis, 467 So.2d 65 (La.App. 3 Cir.1985), writ den., 472 So.2d 38 (La.1985), which held that a cause of action for purely negligent institution of a suit against an attorney does not exist under Louisiana law but added:
“However, damages are allowed for malicious prosecution upon a showing of malicious intent, a lack of probable cause to institute proceedings, and the termination of the proceedings in favor of the defendant in the original suit.
* * * * * *
Damages may also be available to the appellee if he shows that he was injured by defamatory statements set out in the judicial pleadings prepared by [the attorney].” Dupre v. Marquis, 467 So.2d 65, at page 67 (La.App. 3 Cir.1985), writ den., 472 So.2d 38 (La.1985).
In regard to the malicious prosecution claim, the trial court concluded that under our jurisprudence the specific facts alleged in the plaintiff’s original and amended petitions did not constitute a showing of malicious intent on the part of the defendant attorney and therefore failed to state a cause of action. It is, of course, well settled that the determination of a peremptory exception of no cause of action must be made on the basis of the allegations of the petition and that no evidence is admissible. La.G.C.P. Art. 931. All well pleaded allegations are accepted as true. Northwest Ins. Co. v. Carpenters Dist. Council, 470 So.2d 218 (La.App. 4 Cir. 1985). Malice can be inferred where there is a want of probable cause. See Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975).
The facts of this case are substantially similar to those presented in Sondes v. Sears, Roebuck and Co., 501 So.2d 829 (La.App. 4 Cir.1986). In Sondes, Sears, through its attorney, Favret, sued Sondes to collect on a delinquent open account. In response, Sondes instituted suit to dissolve the writ of sequestration issued as a result of Sears’ suit. Sondes also alleged in his petition that Favret acted with malice and intent, causing damages sustained as a result of "... misrepresentation, wrongful issuance of writ, failure to investigate, encouraging, aiding and abetting a wrongful seizure, invasion of privacy, wrongful conversion and trespass.” The petition also alleged that at all pertinent times, Favret was acting as the attorney and agent for Sears.
The court held that Favret could not be held personally liable for alleged wrongs committed while acting on Sears’ behalf. Using agency principles as the basis for its judgment, the court reasoned as follows:
“Under our jurisprudence, the relationship between attorney and client is one of principal and agent. Dupre v. Marquis, 467 So.2d 65 (La.App. 3rd Cir.1985), writ denied 472 So.2d 38 (La.1985). *1280 While generally an agent is not responsible to third persons where his principal is disclosed, the agent may make himself personally liable by his conduct. Weeden Engineering Corp. v. Hale, 435 So.2d 1158 (La.App. 3rd Cir.1983), writs denied 441 So.2d 764 (La.1983). One manner in which an attorney may so bind himself is if he exceeds the limits of his agency. Dupre, 467 So.2d at 68. C.C. Art. 3013.
In the present case, Sondes makes no specific allegation in his petition that the [sic] Favret acted outside the scope of his authority as Sears’ attorney. Under these circumstances Favret cannot be held personally liable for alleged wrongs committed while acting on Sears’ behalf.
Moreover, even had Sondes alleged that Favret acted outside the scope of his agency, the mere conclusory allegations of wrong doing in his petition would not justify holding Favret liable. These allegations were simply not sufficient to state a cause of action against Favret personally and his exception of no cause of action on this issue was properly granted.” Sondes v. Sears, Roebuck and Co., 501 So.2d 829, at pages 831, 832 (La.App. 4 Cir.1986).
In the present case, as in Sondes, the plaintiff made no specific allegation in his petition that defendant acted outside the scope of his authority as the Breauxs’ attorney. The plaintiff contends that the mere allegations in his petition that the Breauxs and the defendant maliciously caused the lawsuit to be tried were sufficient to state a cause of action for malpractice against the defendant.
The essential elements of a suit for malicious prosecution include the requirement of “legal causation by the present defendant” of an original civil or criminal proceeding “against plaintiff who is defendant in the original proceeding.” Leaman & Co., Inc. v. Victory Iron Works, 411 So.2d 666 (La.App. 4 Cir.1982). The question of whether an attorney causes a suit to be filed is dispositive of the malicious prosecution issue and was thoughtfully discussed in Spencer, supra, where the Court said:
“Furthermore, the notion that defendant as the attorney for the party in the malpractice case was guilty of malicious prosecution seems to distort the role of an attorney in any case. The suit was filed by the attorney only in a technical sense since he may have signed the petition, but it was in fact an action instigated and carried on by the plaintiff in that malpractice case himself. We must assume that this plaintiff thought his child had been damaged by the doctor irrespective of the fact that no doctor agreed with him. He was intent upon placing the facts before a judge or jury for a judicial determination as to whether the doctor had failed in her duty toward the child. His attorney, defendant herein, was simply the instrument through which he invoked the judicial determination ...” Spencer v. Burglass, 337 So.2d 596, at page 600 (La.App. 4 Cir.1976), writ den., 340 So.2d 990 (La.1977).
The plaintiff’s petition in this suit alleges that “[Djefendants, CLIFTON BREAUX and DORA BREAUX caused the above mentioned lawsuit [the unsuccessful malpractice suit] to be filed by their attorney, EDWARD J. MILLIGAN [the defendant’s attorney in this suit].” (Emphasis added.) It is clear from the allegations of plaintiff’s petition that the defendant was only acting, as an agent or employee, for his clients, the Breauxs, and that the plaintiff clearly acknowledges this fact in his petition. For this very reason the plaintiff would be judicially estopped, by his own pleadings, from claiming that the defendant caused the malicious prosecution except for plaintiff’s further allegation that the defendant attorney maliciously caused the malpractice suit to be tried.
In C & V Gravel, Inc. v. Maco Const. Corp., 465 So.2d 938 (La.App. 2 Cir.1985), plaintiff attempted to state a cause of action against an attorney for negligently causing an attachment of equipment, which the attorney knew was owned by C & V, *1281 for satisfaction of a judgment owed to the attorney’s client by another party.
The court stated that:
“[A]s the Spencer court noted, in filing an action, an attorney is acting for his client in order to place that client’s contentions before the court. The court was unable to find a duty which that attorney had owed the plaintiff which had been breached by his filing and prosecution of the suit.
* * * * # *
Just as the Spencer court, we are concerned with the chilling effect a finding of a stated cause in the instant case may have on adversary counsel. The assertions of the plaintiff are found wanting when balanced against the important interests of our judicial system in maintaining open courts served by adversary counsel. See Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980). We therefore determine that the petition does not set forth a cause of action against the attorney, Tynes, and reverse the trial court in that respect.” C & V Gravel, Inc. v. Maco Const. Corp., 465 So.2d 938, at page 940 (La.App. 2 Cir.1985).
If plaintiff’s argument would become the law a successful party in any kind of suit could then bring a suit against the unsuccessful party and his attorney generally alleging, as in this case, malicious prosecution and then cause the unsuccessful party’s attorney to have to defend himself. Such an action would have a “chilling effect” on parties bringing lawsuits seeking redress in courts for what they consider to be a wrong or parties urging what they believed to be valid defenses. If the position of the plaintiff was to become the law it would introduce into the attorney-client relationship the compelling personal consideration by the attorney of a possible suit for malicious prosecution against him as the unsuccessful party’s attorney. Parties with so-called “weak” cases would then find it difficult to obtain competent counsel. Attorneys would have to abandon zealous representation of their clients to safeguard their own personal interests. The fundamental right of a party to obtain a fair and impartial hearing on his claim or defense would give way to a subjective personal and business concern of a party’s attorney who would be forced to consider the prospects of a “counter suit” for malicious prosecution if a suit he brought or a defense he urged was unsuccessful. The reasoning of the plaintiff would open a “Pandora’s Box” of suits for malicious prosecution against attorneys for unsuccessful litigants, be they plaintiff or defendant lawyers, for unsuccessful suits or unsuccessful defenses. This would have a “chilling effect” on litigants with weak cases or weak defenses in their attempts to obtain competent counsel to represent them. We cannot imagine a greater danger to our legal system.
Since the plaintiff doctor in this suit in either his original or supplemental petitions, filed before the defendant’s second filing of his peremptory exception, did not specifically allege facts or make an allegation which would support specific personal malice by the defendant attorney, motivating him as an attorney to persuade his clients to initiate and continue their malpractice case against the plaintiff doctor, or allege facts showing that the defendant attorney exceeded the scope of his authority, we find that the trial judge was correct in sustaining the defendant attorney’s second exception of no cause of action and in dismissing the plaintiff’s suit.
We also agree that the trial court was correct in finding that plaintiff did not state, under the facts alleged in his original and amended petitions, a cause of action against the defendant in negligence or for defamation. Spencer v. Burglass, supra; Sondes v. Sears, Roebuck and Co., supra; Dupre v. Marquis, supra; C & V Gravel, Inc. v. Maco Const. Corp., supra; and Foster v. McClain, 251 So.2d 179 (La.App. 3 Cir.1971), writ den., 259 La. 883, 253 So.2d 216 (La.1971).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *1282 this appeal are assessed against plaintiff-appellant.
AFFIRMED.
YELVERTON, J., concurs with written reasons.
LABORDE, J., dissents and assigns written reasons.