LABORDE, Judge,
dissenting.
I respectfully dissent from the majority opinion.
Notwithstanding the fact that on appeal of an exception of no cause of action, the reviewing court may consider only the petition and documents which were attached and made part thereof, the majority nobly considers the “ ‘chilling effect’ on parties bringing lawsuits seeking redress in courts for what they consider to be a wrong.” The majority points to the opening of a “Pandora’s Box” of suits for malicious prosecution; to the difficulty plaintiffs with “weak” cases would have obtaining competent counsel; to the demise of the attorney-client relationship; and to the abandonment of zealous representation for clients. These inchoate suspicions are secondary to plaintiff’s cause.
Justice and fundamental fairness demand that we remand this case in compliance with La.C.C.P. art. 934 and Sondes v. Sears, Roebuck and Company, 501 So.2d 829, 832 (La.App. 4th Cir.1986), upon which the majority heavily relies. Otherwise, Dr. Dalton’s rights will not merely be “chilled,” they will be dead cold.
We should remand this suit to the Sixteenth Judicial District Court to allow plaintiff fifteen days to amend his petition to support allegations of “specific personal malice by the defendant attorney, motivating him as an attorney to persuade his clients to initiate and continue their malpractice case against the plaintiff doctor, or allege facts showing that the defendant attorney exceded the scope of his authority.” Failure to do so would result in the dismissal of the suit in accord with La.C. C.P. art. 934 and the delays would be minimal.
As the majority decided not to remand the case, I respectfully dissent.